**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

Lucia Guzman,

   Plaintiff,

    v.

Escapade01 LLC d/b/a Escapade 2001 Dallas,
Escapade Club Corporation, Escapade09, LLC
d/b/a Escapade Club 2009,

   Defendants.

Case No. 24-CV-1344

PLAINTIFF DEMANDS
TRIAL BY JURY

## <u>COMPLAINT</u>

Plaintiff Lucia Guzman ("Plaintiff"), by her attorneys, James M. Dore and Justicia Laboral LLC, complains against Escapade01 LLC d/b/a Escapade 2001 Dallas ("Defendant" or "Escapade 2001"), Escapade Club Corporation ("Defendant" or "Escapade Club") and Escapade09, LLC d/b/a Escapade Club 2009 ("Defendant" or "'Escapade 2009"), collectively ("Defendants"), and in support of this Complaint, states:

### <u>Jurisdiction and Venue</u>

1. This is an action for sexual harassment and hostile work environment, and it is brought under Title VII of the Civil Rights Act of 1964 ("Title VII") as amended, 42 U.S.C. §2000e et seq., 42 U.S.C. § 1981a, the Civil Rights Act of 1866 as codified by 42 U.S.C. § 1981; and the Texas Commission on Human Rights Act, Tex. Lab. Code § 21.001 et seq. (1983).

2. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, in that this is a civil action arising under the laws of the United States, specifically Title

VII, 42 U.S.C. 2000e, and 42 U.S.C. 1981; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

3.      This case involves claims for sexual harassment, gender discrimination, retaliation and hostile work environment, and all complained of conduct occurred in Dallas, Texas.

## Parties

4.      Plaintiff Lucia Guzman is a female, who currently resides in Fort Worth, Texas.  Plaintiff is of Mexican descent and has a Latino racial designation. She was formerly employed by Defendants.

5.      Defendant Escapade01 LLC d/b/a Escapade 2001 Dallas is a domestic limited liability company, duly registered and licensed to do business in the State of Texas.

6.      Defendant Escapade Club Corporation is a corporation duly registered and licensed to do business in the State of Texas.

7.      Defendant Escapade09, LLC d/b/a Escapade Club 2009 is a domestic limited liability company, duly registered and licensed to do business in the State of Texas.

8.      Defendants are "joint employers" of Plaintiff since each one exercised control over Plaintiff's employment. Defendants are dedicated to operating dance clubs in the Dallas area. Defendants employs in excess of 20 individuals, and thus it they are a covered employer under Title VII.

## Exhaustion of Administrative Remedies

9.      On April 14, 2022, Plaintiff filed charges of discrimination with the EEOC, Charge No. 451-2022-03803 against Escapade 2001, Escapade Club and Escapade 2009, alleging sexual harassment, retaliation and hostile work environment. *See* Exhibit A.

10.     Plaintiff received a Notice of Right to Sue from the EEOC on May 15, 2024. *See* Exhibit B.  Plaintiff filed this Complaint within ninety (90) days of receipt of the aforementioned notices from the EEOC.  Plaintiff has fully complied with all prerequisites to jurisdiction to this Court under Title VII and the Texas Commission on Human Rights Act (TCHRA).

**Statement of Facts**

11.     On or around January 2021, Plaintiff was hired by Defendants.

12.     Plaintiff was a competent and good employee at all times while working for Defendants. Plaintiff was never "written up", reprimanded, or disciplined in connection with her work as an employee of Defendants.

13.     While working there, Plaintiff has suffered a hostile working environment where she was sexually harassed. At all relevant times, Plaintiff was employed by Defendants as a waitress.

14.     Neftali was employed Defendants as supervisor for the waitresses and head of security of the bar area. Thus, he was also Plaintiff's supervisor.  Since she started working at Defendants, Plaintiff was subjected to a hostile working environment, gender discrimination, and was sexually harassed by her supervisor, Mr. Neftali.

15.     Beginning on or around January 2021 Mr. Neftali, on a daily or near daily basis, would repeatedly harass Plaintiff during her shifts.  Mr. Neftali would try to put his hand up Plaintiff's shirt in order to grab her breasts; He would ask Plaintiff to have sex with him; he would grab Plaintiff's hand and try to place it on his body and genitalia; he would offer to "take her home", suggesting he would have sex with her; he would comment that Plaintiff's "breasts were getting bigger"; he would make sexually suggestive comments about Plaintiff's body, including her legs, breasts, and buttocks; he would take photos of Plaintiff's buttocks during her shift; and he would ask what gym Plaintiff attended in order to try to contact her outside of work.

16.    All of Mr. Neftali's unwanted conduct towards Plaintiff occurred throughout Plaintiff's term of employment at Defendant. All this physical contact and sexual innuendoes by Mr. Neftali towards Plaintiff were always against her wishes.

17.    Plaintiff repeatedly asked Neftali to stop his conduct.  Cesar (last name omitted) also worked at Defendants; he asked Neftali to stop his conduct as well. However, Neftali did not stop his conduct.

18.    This behavior by Plaintiff's supervisor continued uninterrupted since no one at Defendants took remedial action. Neftali was best friends with Cesar.  Neftali felt like he could harass Plaintiff because he was best friends with Cesar; Neftali would receive no punishment for his actions.

19.    This sexual harassment conduct, which was continuously made by Mr. Neftali during Plaintiff's employment at Defendants, was so severe and pervasive that Plaintiff's work environment became hostile and stressful. This pattern of sexual harassment continued uninterrupted up until Plaintiff was fired.

20.    On or about January 22, 2022, Cesar brought Plaintiff to his offices; Cesar informed her she was not selling enough alcohol to Defendants' clients.  While they were at Cesar's office, Plaintiff asked Cesar what Defendants were going to do about Neftali's sexual harassment and offensive conduct towards her.  Instead of helping Plaintiff and taking remedial action, Cesar ignored her ask for help.  In fact, Cesar was trying to set up excuses to fire Plaintiff because of her complaints about Neftali's conduct.

21.    Since Plaintiff's complaints with Cesar were ignored, Plaintiff went to discuss Neftali's conduct Defendants' General Manager, Cinthia.  During the meeting, Plaintiff informed Cinthia of Neftali's sexual harassment and hostile conduct.  Cinthia informed Plaintiff that she had been aware of Neftali's conduct towards her and suggests that Cesar can address Neftali's conduct.

22.     As a result of the meeting with Plaintiff, Cinthia scolded Cesar for not notifying her of the harassment Plaintiff was being subjected to by Neftali. Afterwards, Cesar and Neftali tried to intimidate Plaintiff so that she would not say anything more to Cinthia.

23.     On or about January 26, 2022, Plaintiff went to meet with Cinthia again to see what Defendants were going to do to stop Neftali's harassment.  Cinthia told Plaintiff again that Cesar can address Neftali's conduct.  Plaintiff told Cinthia that Cesar had asked Neftali to stop his actions before, but Neftali had refused to stop.  Cinthia told Plaintiffs that Neftali would be placed on a different shift, but in fact, Neftali was placed on the same shifts as Plaintiff afterwards.  Defendants did nothing to stop te sexual harassment Plaintiff was suffering. Cinthia would neither transfer Plaintiff to separate her from Neftali and Cesar, nor transfer Neftali to a different area away from Plaintiff.

24.     On or about January 28, 2022, Plaintiff met with Cinthia for a third time.  Plaintiff again informed Cinthia of everything that Neftali had done to her, his mistreatment, and his unacceptable, persistent sexual advances.  Cinthia informed Plaintiff that Neftali would not be moved to a different club or terminated.  Further, Cinthia warned Plaintiff that if any further complaints were made, or if she filed a police report, Plaintiff would be immediately terminated. Cinthia made it clear to Plaintiff that they were unhappy that she was complaining to them about the sexual harassment.

25.     On or about January 29, 2022, prior to the start of her shift at Defendants, Plaintiff asked Cinthia if Neftali was going to be on her same shift as Claimant.  Cinthia told Plaintiff that Neftali would be on her same shift. Plaintiff once again complained to Cinthia, based upon the hostile work environment Neftali had been creating for her.  After that, Plaintiff went back to work for around three hours.

26.    Cinthia then called Plaintiff to her offices, and informed Plaintiff that $100.00 was missing from Plaintiff's register and terminated Plaintiff's employment.  Plaintiff tried to tell Cinthia to call the police and create a police report related to the supposed missing $100.00; to see her cash register and receipts in order to see the cash count; and to search her and her purse for the alleged missing $100.00 in cash.  Cinthia declined to do so because she wanted to fire Plaintiff because of her complaints about Neftali and Cesar.

27.    As a result of these actions, Defendants committed intentional violations of federal law governing activity in the workplace; and acted with extreme recklessness, and in disregard of the legally protected rights of Plaintiff. Defendants, acting by and through its supervisors, did retaliate against Plaintiff improperly, taking what amounted to materially adverse employment action against Plaintiff because Plaintiff had engaged in complaints about the sexual harassment and hostile work environment she was subjected to while employed by Defendants.

28.    Defendants unlawfully retaliated against Plaintiff when they fired her upon a pretext. Defendants "cooked-up" a pretextual reason to "fire" Plaintiff; and Plaintiff's manager Cinthia did this in retaliation for the fact that Plaintiff had in fact on several occasions complained about the sexual harassment of her coworker Neftali.

29.    Defendants unlawfully discriminated against Plaintiff because of her sex and allowed a hostile work environment where she was sexually harassed.

30.    Defendants created and maintained a hostile work environment for Plaintiff where she was sexually harassed. As Plaintiff's employer, Defendants did not do anything to prevent and/or stop the sexual harassment which Plaintiff was subjected to during her employment.

31.    Further, Defendants retaliated against Plaintiff for making complaints about her mistreatment; permitted ongoing sexual harassment and sexual assaults/batteries to occur; favored

male employees; and retaliated against her for refusing to have sexual relations with Neftali and complaining about her mistreatment.

32.    As a result of Defendants' actions, Plaintiff felt humiliated, degraded, victimized, embarrassed and emotionally distressed, and nothing was ever done.

**COUNT I**
**SEXUAL DISCRIMINATION AND HARASSMENT IN VIOLATION OF TITLE VII**

33.    Plaintiff realleges paragraphs 1 through 32 as though fully set forth herein.

34.    Title VII of the Civil Rights Act of 1991, 42 U.S.C. §2000(e), et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sex.

35.    Physical or verbal unwelcome sexual conduct by an individual of a quid pro quo nature or that has the purpose or effect of creating an intimidating, hostile, or offensive work environment, is actionable under Title VII of the Civil Rights Act of 1991.

36.    Defendants failed to take proper preventive, corrective, or remedial action to protect Plaintiff from sexual discrimination and harassment or to remedy the discrimination and harassment she suffered.  In addition, Plaintiff suffered an adverse employment action as a result of the discrimination and sexual harassment by way of her termination.

37.    By its conduct as alleged herein, Defendants subjected Plaintiff to sexual discrimination and harassment in violation of Title VII of the Civil Rights Act of 1991.

38.    Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from sexual discrimination and harassment.

39.    As a direct and proximate result of Defendants' actions and omissions, Plaintiff suffered injuries, including but not limited to: extreme anxiety, humiliation, embarrassment, severe emotional

distress and anguish, lost back wages, lost front wages, and damage to her career, which injuries she continues to suffer.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants on Count I and that it:

a) Declare that Defendants' conduct was in violation of Title VII of the Civil Rights Act as amended;

b) Award Plaintiff the value of the compensation lost and benefits lost as a result of Defendants' unlawful conduct;

c) Award Plaintiff the value of compensation and benefits she will lose in the future as a result of Defendants' unlawful conduct;

d) Award Plaintiff damages for emotional distress and compensatory damages;

e) Award Plaintiff punitive damages;

f) Award Plaintiff reasonable attorney's fees, costs, and disbursements;

g) Enjoin Defendants and all officers, agents, employees, and all persons in active concert or participation with them from engaging in any unlawful employment practice;

h) Enjoin Defendants and all officers, agents, employees, and all persons in active concert or participation with them to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent discrimination; and

i) Award Plaintiff any and all other relief as the Court deems just in the premises.

## COUNT II
## SEXUAL DISCRIMINATION AND HARASSMENT IN VIOLATION OF THE TEXAS COMMISSION ON HUMAN RIGHTS ACT (TCHRA).

40. Plaintiff realleges paragraphs 1 through 32 as though fully set forth herein.

41.     The Texas Commission on Human Rights Act makes it unlawful for an employer, an employee, or any agent of an employer to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sex.

42.     Physical or verbal unwelcome sexual conduct by an individual of a quid pro quo nature or that has the purpose or effect of creating an intimidating, hostile, or offensive work environment, is actionable under the TCHRA.

43.     By their conduct as alleged herein, Defendants subjected Plaintiff to sexual discrimination and harassment in the workplace and a sexually hostile and offensive work environment.

44.     Defendants failed to take proper preventative, corrective, or remedial action to protect Plaintiff from sexual discrimination and harassment or to remedy the discrimination and harassment she suffered.

45.     Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from sexual discrimination and harassment.

46.     As a direct and proximate result of Defendants' actions and omissions, Plaintiff suffered injuries, including but not limited to: extreme anxiety, humiliation, embarrassment, severe emotional distress and anguish, and damage to her career, which injuries she continues to suffer.

        **WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants on Count II and that it:

> a)     Declare that Defendants' conduct was in violation of the Texas Commission on Human Rights Act;
>
> b)     Award Plaintiff the value of the compensation lost and benefits lost as a result of Defendants' unlawful conduct;
>
> c)     Award Plaintiff the value of compensation and benefits she will lose in the future as a result of Defendants' unlawful conduct;

d)      Award Plaintiff damages for emotional distress and compensatory damages;

e)      Award Plaintiff reasonable attorney's fees, costs, and disbursements;

f)      Enjoin Defendants and all officers, agents, employees, and all persons in active concert or participation with them from engaging in any unlawful employment practice;

g)      Enjoin Defendants and all officers, agents, employees, and all persons in active concert or participation with them to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent discrimination; and

h)      Award Plaintiff any and all other relief as the Court deems just in the premises.

**/s/James M. Dore**
*Attorney for Plaintiff*
Jame M. Dore (Texas Bar No. 24128272)
Justicia Laboral LLC
6232 N. Pulaski, #300
Chicago, IL 60646
773-415-4898
jdore@justicialaboral.com

PLAINTIFF DEMANDS TRIAL BY JURY

EEOC Form 5 (11/09)

| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☑ EEOC | Agency(ies) Charge No(s):<br>450-2022-04130 |
|---|---|---|

| Texas Workforce Commission | | and EEOC |
|---|---|---|
| State or local Agency, if any | | |

| Name (Indicate Mr., Ms., Mrs.)<br>Lucia Guzman | Home Phone (Incl. Area Code)<br>6305187928 | Date of Birth<br>2/28/1989 |
|---|---|---|

| Street Address<br>11317 Golden Triangle Circle | City, State and ZIP Code<br>Fort Worth, TX  76244 | |
|---|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two are named, list under PARTICULARS below.*)

| Name<br>ESCAPADE CLUB CORPORATION | No. Employees, Members<br>100 | Phone No. (Incl. Area Code)<br>(214) 902-6400 |
|---|---|---|
| Street Address<br>10701 FINNELL ST | City, State and ZIP Code<br>Dallas, TX 75220-2435 | |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Street Address | City, State and ZIP Code | |

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

☐ RACE ☐ COLOR ☑ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☑ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☑ OTHER (*Specify*) Hostile Work Environment

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 2019   Latest: 1/29/2022
☐ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

I believe I have been discriminated against because of my sex, retaliated against, and forced to work in a hostile work environment, in violation of of Title VII of the Civil Rights Act of 1964, as amended, among other federal and state statutes.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>04-12-22<br>Date   Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year)<br>4-12-22 |

EEOC Form 5 (11/09)

| **C**HARGE OF **D**ISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act<br>Statement and other information before completing this form. | Charge Presented To:<br><br>☐ FEPA<br><br>☐ EEOC | Agency(ies) Charge No(s): |
| --- | --- | --- |
| | | and EEOC |

State or local Agency, if any

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br><br>I declare under penalty of perjury that the above is true and correct.<br><br>04-12-22          *[signature]*<br>Date                    *Charging Party Signature* | NOTARY – *When necessary for State or Local Agency Requirements*<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br><br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)*<br><br>4-12-22 |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA <br> ☑ EEOC | 450-2022-04130 |

| Texas Workforce Commission | and EEOC |
|---|---|

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Lucia Guzman | 6305187928 | 2/28/1989 |

| Street Address | City, State and ZIP Code |
|---|---|
| 11317 Golden Triangle Circle | Fort Worth, TX  76244 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Escapade01 LLC d/b/a Escapade 2001 Dallas | 100 | (214) 902-6400 |

| Street Address | City, State and ZIP Code |
|---|---|
| 10701 FINNELL ST | Dallas, TX 75220-2435 |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☑ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☑ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☑ OTHER (Specify) Hostile Work Environment

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 2019    Latest: 1/29/2022

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I believe I have been discriminated against because of my sex, retaliated against, and forced to work in a hostile work environment, in violation of of Title VII of the Civil Rights Act of 1964, as amended, among other federal and state statutes.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

04-12-22
Date        Charging Party Signature

NOTARY – When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)
4-12-2022

ELIZABETH CUELLAR
NOTARY PUBLIC
STATE OF TEXAS
NOTARY ID 131062552
MY COMM. EXP. 03-27-2025

EEOC Form 5 (11/09)

| **CHARGE OF DISCRIMINATION**<br><br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | ☐ FEPA | |
| | ☐ EEOC | |
| | | and EEOC |

State or local Agency, if any

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br><br>I declare under penalty of perjury that the above is true and correct.<br><br>04-12-22<br>Date · Charging Party Signature | NOTARY – *When necessary for State or Local Agency Requirements*<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br><br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*<br><br>4-12-22 |

EEOC Form 5 (11/09)

| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☑ EEOC | Agency(ies) Charge No(s):<br>450-2022-04130 |
|---|---|---|

| Texas Workforce Commission | | and EEOC |
|---|---|---|
| State or local Agency, if any | | |

| Name (Indicate Mr., Ms., Mrs.)<br>Lucia Guzman | Home Phone (Incl. Area Code)<br>6305187928 | Date of Birth<br>2/28/1989 |
|---|---|---|

| Street Address<br>11317 Golden Triangle Circle | City, State and ZIP Code<br>Fort Worth, TX  76244 |
|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two are named, list under PARTICULARS below.)*

| Name<br>Escapade09, LLC d/b/a Escapade Club 2009 | No. Employees, Members<br>100 | Phone No. (Incl. Area Code)<br>(214) 902-6400 |
|---|---|---|
| Street Address<br>10701 FINNELL ST | City, State and ZIP Code<br>Dallas, TX 75220-2435 | |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Street Address | City, State and ZIP Code | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE   ☐ COLOR   ☑ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☑ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☑ OTHER *(Specify)* Hostile Work Environment

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 2019    Latest: 1/29/2022
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I believe I have been discriminated against because of my sex, retaliated against, and forced to work in a hostile work environment, in violation of of Title VII of the Civil Rights Act of 1964, as amended, among other federal and state statutes.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br><br>I declare under penalty of perjury that the above is true and correct.<br><br>04-12-2022<br>Date            Charging Party Signature | NOTARY – When necessary for State or Local Agency Requirements<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*<br>4-12-22 |
|---|---|

ELIZABETH CUELLAR
NOTARY PUBLIC
STATE OF TEXAS
NOTARY ID 131062552
MY COMM. EXP. 03-27-2025

EEOC Form 5 (11/09)

| **CHARGE OF DISCRIMINATION**<br><br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br><br>☐ FEPA<br><br>☐ EEOC | Agency(ies) Charge No(s): |
|---|---|---|
| | | and EEOC |

State or local Agency, if any

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>04-12-2022 _____<br>Date      Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br><br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year)<br><br>4-12-22 |

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Dallas District Office**
207 S. Houston Street, 3rd Floor
Dallas, TX 75202
(800) 669-4000
Website:  www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 05/15/2024

**To:** Lucia Guzman
    11317 Golden Triangle
    Fort Worth, TX 76244
Charge No: 450-2022-04130

EEOC Representative and email:   KATERINE MEJIA MERCEDES
    EEOC Investigator
    katerine.mejia-mercedes@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 450-2022-04130.

On behalf of the Commission,

TERANCE HOBBS
Digitally signed by TERANCE HOBBS
Date: 2024.05.15 18:14:07 -05'00'
For
Travis Nicholson
District Director

**Cc:**

James Dore
Justicia Laboral LLC
6232 N. Pulaski Rd. Suite 300
CHICAGO, IL 60646


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 450-2022-04130 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Travis Nicholson, 207 S. Houston Street 3rd Floor, Dallas, TX 75202.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 450-2022-04130 to the District Director at Travis Nicholson, 207 S. Houston Street 3rd Floor, Dallas, TX 75202.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.